UNITED STATES of America, Plaintiff,

v.

Norbert E. STELTEN, Joseph P. Gorman, Robert Hawley, Audrey Hawley, Lloyd M. Emond and Donald Lee Carlson, Defendants.

Nos. Cr. 6–87–19, Cr. 6–87–20.

United States District Court,
D. Minnesota,
Sixth Division.

June 8, 1987.

See also 661 F.Supp. 1087.

Donald M. Lewis, Asst. U.S. Atty., Minneapolis, Minn., for U.S. Atty.

Thomas Jensen, Minneapolis, Minn., for Norbert E. Stelten.

Bruce Hanley, Minneapolis, Minn., for Joseph P. Gorman.

Steve Garrison, Minneapolis, Minn., for Robert Hawley.

William Orth, St. Paul, Minn., for Audrey Hawley.

Scott Tilsen, Asst. Public Defender, Minneapolis, Minn., for Lloyd M. Emond.

James E. Ostgard, St. Paul, Minn., for Donald Lee Carlson.

## ORDER

DEVITT, District Judge.

Defendants' pretrial motions were heard on June 1, 1987. The parties submitted legal memoranda and presented oral argument.

Norbert Stelten was present, accompanied by his standby counsel, Thomas Jensen. Joseph Gorman, Robert Hawley, Audrey Hawley, Lloyd Emond, and Donald Carlson appeared with their respective counsel, Bruce Hanley, Steven Garrison, William Orth, Scott Tilsen, and James Ostgard. Assistant United States Attorney Donald M. Lewis represented the government.

Preliminary to oral argument on defendant's motions, the court addressed defendants Norbert Stelten and Joseph Gorman's demands for counsel of choice. The government then presented testimony on defendants Gorman and the Hawleys' suppression motions. All parties were given the opportunity to present oral argument and submit legal memoranda on all of the pretrial motions. Supplemental memoranda were submitted by Bruce Hanley and Donald Lewis.

### Defendants' Joint Motions

■ Defendants jointly move for dismissal of the indictment, immediate disclosure of grand jury minutes, and for disclosure and suppression of electronic surveillance and wiretapping. The government represented that no wiretaps or electronic surveillance was used and that all tape recordings have been made available, rendering the disclosure and suppression motion moot.

■ Defendants seek dismissal of the indictment on two grounds: for preindictment delay and a combination of prosecutorial misconduct, judge shopping, and to preserve the appearance of equal justice. Defendants' generalized allegations of prejudice do not show that these proceedings were delayed unreasonably and intentionally to gain a tactical advantage over the accused. *United States v. Jackson*, 714 F.2d 809, 811 (8th Cir.1983). As to the other grounds for dismissal, defendants' motion is unsupported in fact or law.

In their joint motion for immediate disclosure of grand jury minutes, defendants allege prosecutorial misconduct in failing to inform the grand jury that illegally obtained and inadmissible evidence was being presented to it. Defendant Donald Carlson supplements the joint motion alleging that the Assistant United States Attorney made improper comments in the presence of the grand jury. For the purposes of evaluating the latter allegation of prosecutorial misconduct, the court will conduct an in camera inspection of the grand jury transcripts.

### Defendants Gorman, Robert Hawley, Audrey Hawley and Carlson's Motions to Sever

Defendants are charged in the indictment with one count of conspiring to defraud the

United States by obstructing the functions of the Internal Revenue Service, in violation of 18 U.S.C. § 371. In count two of the two-count indictment, defendant Carlson is individually charged with tax evasion in the year 1983, in violation of 26 U.S.C. § 7201.

■ There is a strong presumption that persons charged in a conspiracy should be tried together. *United States v. Robinson*, 774 F.2d 261, 265 (8th Cir.1985). The indictment alleges facts implicating all of the movants in the conspiracy. Those facts include Carlson's acts of tax evasion which were allegedly facilitated by the conspiracy. There was no showing of prejudice. Defendants' motion to sever is denied.

### *Defendant Gorman's Motions*

■ Defendant Gorman individually moves for dismissal of the indictment, for disclosure and suppression of evidence, and to transfer the proceedings to Colorado. Applying the factors considered on a Rule 21(b) request to transfer venue, *Platt v. Minnesota Mining & Manufacturing*, 376 U.S. 240, 243–44, 84 S.Ct. 769, 771–72, 11 L.Ed.2d 674 (1964), the court is unpersuaded that transfer is appropriate. Most importantly, Minnesota is the main situs of the alleged conspiracy, most of the witnesses and documents are located here, and defendant Gorman committed several of the overt acts here.

There no longer appears to be a dispute regarding disclosure of evidence. Defendant Gorman maintains, however, that evidence obtained in the execution of three search warrants in Colorado on April 5, 1985, was illegally seized and must be suppressed. The conceded use of this evidence in the grand jury proceedings is the basis of defendant's motion to dismiss the indictment.

The evidence seized in Colorado was the subject of a Rule of Criminal Procedure 41(e) motion in that district. Defendant Gorman was one of the movants in Colorado seeking the return of evidence seized from the National Commodity Barter Association (Gov't Ex. 1), the residence of Joseph Gorman (Gov't Ex. 2), and an automobile parked in Joseph Gorman's driveway in Littleton, Colorado (Gov't Ex. 3). The transcript of the Colorado district court hearing is part of this court's record (Gov't Ex. 8), and the disposition of the matter on appeal is also a matter of public record, *Voss v. Bergsgaard*, 774 F.2d 402 (10th Cir.1985).

Judge John J. Kane, Jr., United States District Judge for the District of Colorado, heard the Rule 41(e) motion on April 11, 1985, less than one week after the three warrants were executed. Based on the representations of counsel for the movants, the judge limited the scope of the hearing. Mr. Cohan, counsel for the movants, explicitly stated that the movants sought return of the items seized and *not* "a temporary restraining order to compel return of the copies" (p. 17). He acknowledged that the government would likely retain copies and, consequently, would not be prejudiced by an order returning them (p. 65). Judge Kane understood the motion, and made his understanding clear on the record, to present only issues of the facial sufficiency of the warrants and the propriety of returning the evidence to the movants. He did not think suppression was an issue at the hearing (p. 66). As a "return of property case," he viewed the issue of subsequent use of the evidence by the government as "beyond the purview of [the] hearing" (p. 37). For the same reason, he declined to hear evidence on the good faith exception to the exclusionary rule articulated in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The district court ruled the warrants were supported by sufficient probable cause, but invalid on particularity grounds. The Tenth Circuit Court of Appeals affirmed. 774 F.2d at 406.

Thus, on the instant motion to suppress the evidence seized pursuant to the three Colorado warrants, we do not proceed on a clean slate. The Colorado courts have decided that the affidavits supplied probable cause for the searches and that the warrants were not drawn with sufficient particularity to pass muster under the fourth Amendment. By declining to entertain testimony and argument on the good faith

exception, however, the district court expressly did not decide whether the officers acted in objectively reasonable reliance on the warrants that were issued by a detached and neutral magistrate. *United States v. Leon,* 468 U.S. at 923, 104 S.Ct. at 3420–21. Since Rule 41(e) encompasses the whole of the exclusionary rule, this court must consider the applicability of *Leon* in determining the propriety of suppression.

■ The evidence overwhelmingly supports the officers' reasonable presumption that the warrants were valid. The unrebutted testimony of Agents Bergsgaard and Henry establishes meticulous care in preparing and executing the warrants. The sufficiency of the descriptions was an issue specifically brought to the attention of the assistant United States attorney who considered the descriptions properly drawn. Agent Bergsgaard remained with the magistrate who read the warrants and affidavits and asked no questions regarding them. The officers executing the warrant were supplied with copies of the warrants and were reminded to stay within the scope of the warrants. Agent Bergsgaard, knowledgeable about the criminal investigation and acting as "raid leader," was available at the scene to pass on the propriety of seizing certain items. These facts compel us to conclude that the deterrent effect of the exclusionary rule would serve no purpose in light of the precautions taken and concern exhibited by the officers in this case.

■ Defendant Gorman urges the court to dismiss the indictment on the basis that the Minnesota grand jury received the evidence seized in Colorado. He argues that the Colorado courts found the evidence inadmissible in all subsequent proceedings. Due to the limited scope of the Colorado hearing, however, we disagree. The evidence seized in Colorado was neither suppressed by the Colorado courts nor found inadmissible at subsequent proceedings. Furthermore, under *United States v. Calandra,* 414 U.S. 338, 349, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974), the Supreme Court held that evidence determined illegal under Rule 41(e) is not precluded from grand jury proceedings.

### Defendants Audrey and Robert Hawley's Motions

The Hawleys move to suppress the evidence seized pursuant to the April 5, 1985, warrant executed at their residence in Alexandria, South Dakota (Gov't Ex. 4). They contend that the warrant was not drawn with sufficient particularity and that the search exceeded the scope of the warrant. The government has agreed to return all items seized except those located in the one-room business office and a basement closet. The warrant described the place to be searched as the "Mid-States Exchange (MSE) one-room business office" located within the Hawley residence and "all containers and concealed areas therein." A lengthy and detailed affidavit describing MSE's role in the alleged scheme to defraud the government accompanied the warrant. Special Agent Henry testified at the hearing regarding the drawing of the warrant and Special Agents Urbansky and Stowe testified on the execution of the warrant. *See also* Gov't Ex. 17 (officer's notes regarding search).

■ The breadth of the description of items to be seized from the business passes muster under *United States v. Kail,* 804 F.2d 441, 445 (8th Cir.1986), in which the court found that seizure of almost all of a business' records is justified where there is probable cause to believe that fraud permeated the entire business operation. Such probable cause is set forth in the affidavit in question. As to the scope of the search, the officers' seizures of items in plain view during the brief sweep search of the Hawley residence, i.e., the items in the basement closet, were justified. The officers were in places they had a right to be at the time they discovered the items. *See United States v. Briddle,* 436 F.2d 4, 7 (8th Cir.1970). Defendant Robert Hawley's conclusory argument, first raised at the hearing, that first amendment rights were violated during the search is unsupported and vague at best.

The court is satisfied that the warrant at issue was sufficiently drawn and executed to pass muster under the fourth amendment and the good faith exception enunciated in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

In addition to the grounds for dismissal of the indictment submitted in the defendants' joint motion discussed *supra,* the Hawleys contend dismissal is required because the indictment does not state an offense and is duplicitous. These claims are unfounded. Similarly, Audrey Hawley's individual motion to strike surplusage is without merit.

Based on the foregoing, and all files, records, and proceedings in this case,

IT IS ORDERED that:

The government's motion to quash the subpoenas served on May 29, 1987, on Assistant United States Attorneys Thorwald H. Anderson and Donald M. Lewis is GRANTED, and defendant Stelten is directed not to issue any more subpoenas to the United States or assistant United States attorneys.

Defendant Stelten's motions to strike for cause and for an order to show cause are DENIED.

Defendant Stelten's demands for appointment of a lay person as his counsel of choice, for "protection," for dismissal, for dismissal for lack of jurisdiction, and for "rights sua sponte" are DENIED.

Defendant Stelten's reference to and appointment of private master by the court is DENIED.

Defendants' joint motions to dismiss the indictment for preindictment delay and to dismiss or reassign the indictment are DENIED.

Defendants' joint motion for immediate disclosure of grand jury minutes is GRANTED insofar as it seeks in camera inspection of the transcript and minutes.

Defendants' joint motion for disclosure and suppression of electronic surveillance and wiretapping is DENIED AS MOOT.

Defendant Gorman's motion to dismiss the indictment is DENIED.

Defendant Gorman's motion for disclosure of evidence is MOOT and for suppression of evidence is DENIED.

Defendant Gorman's motion to transfer the proceedings to Colorado is DENIED.

Defendants Gorman, Robert Hawley, Audrey Hawley and Carlson's motions for severance are DENIED.

Defendants Audrey and Robert Hawley's motions to suppress evidence and dismiss the indictment are DENIED.

Defendant Audrey Hawley's motion to strike surplusage is DENIED.

Defendant Carlson's motion to dismiss the indictment based on prosecutorial misconduct is DENIED WITHOUT PREJUDICE.

Defendant Carlson's motion for modification of the order setting the conditions of release is DENIED.

Trial is set for September 15, 1987, at 10:00 A.M. All parties and counsel are directed to appear.