1999 ME 124
**STATE of Maine**

v.

**Peter LEHMAN.**

Supreme Judicial Court of Maine.

Argued June 8, 1999.
Decided July 30, 1999.

---

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Atty. (orally), Portland, for the State.

Wayne S. Moss, (orally), Augusta, for the defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

DANA, J.

[¶ 1] Peter Lehman appeals from a judgment entered in the Superior Court (Cumberland County, *Cole, J.*) on his conditional guilty plea to fifty-one counts of sexual exploitation of a minor, 17 M.R.S.A. § 2922 (1983 & Supp.1998), and one count of sexual abuse of a minor, 17–A M.R.S.A. § 254(1) (Supp.1998). Lehman argues that the Superior Court erred when it denied his motion to suppress because the search warrant was unconstitutionally broad in permitting a search of "all computer equipment and computer-related equipment." We disagree and affirm the judgment.

## I.

[¶ 2] In September 1997, a detective with the Portland Police Department submitted an affidavit and request for a search warrant to the District Court. The police sought to search Lehman, his house in Gorham, his van, his office at the University at Southern Maine, and the University of Southern Maine computer network system for evidence of the sexual exploitation of a minor, 17 M.R.S.A. § 2922 (1983 & Supp.1998),[1] and the possession of sexually explicit materials, 17 M.R.S.A. § 2924 (Supp.1998).[2] The detective stated in an affidavit that probable cause existed for the search because of statements by three girls, ages thirteen, sixteen, and eighteen. The girls stated that Lehman had photographed them with both a regular camera and a digital camera, first with their clothes on and then asking them to slowly take off their clothes. The girls stated that they posed naked and exposed their genitalia. The girls further ex-

plained that Lehman photographed them in his backyard and in the woods behind his house, and that he downloaded certain pictures from the digital camera to his computer. One girl stated that Lehman told her that he intended to create a portfolio of these pictures.

[¶ 3] The District Court issued the search warrant. The property or articles to be searched for included: photographs, photo packages, photograph receipts, slides, negatives, computer files, or digital images of the three girls; writings that include the names of the three girls, or five other named girls; "[p]hotographic film which appears to be exposed but unprocessed;" digital cameras, cameras, and camera equipment; and "[a]ll computer equipment and computer related equipment, including, but not limited to laptops, monitors, key boards, printers, mice, modems, hard drives, CD roms, photo scanners, computer disks, tapes, programs to

1. Title 17 M.R.S.A. § 2922 provides in relevant part:

   **Sexual exploitation of a minor**
   **1. Offense.** A person is guilty of sexual exploitation of a minor if:
   **A.** Knowing or intending that the conduct will be photographed, he intentionally or knowingly employs, solicits, entices, persuades, uses or compels another person, not his spouse, who is in fact a minor, to engage in sexually explicit conduct; ...
   . . . .
   A minor is a person under 18 years of age. *See* 17 M.R.S.A. § 2921(3) (Supp.1998).

2. Title 17 M.R.S.A. § 2924 provides in relevant part:

   **Possession of sexually explicit materials**
   **1. Definitions.** As used in this section, the term "sexually explicit conduct" means any of the following acts:
   **A.** *Sexual act,* as defined in Title 17–A, section 251, subsection 1, paragraph C;
   **B.** Bestiality;
   **C.** Masturbation;
   **D.** Sadomasochistic abuse for the purpose of sexual stimulation;
   **E.** Lewd exhibition of the unclothed genitals, anus or pubic area of a person. An exhibition is considered lewd if the depiction is designed for the purpose of eliciting or attempting to elicit a sexual response in the intended viewer; or

   **F.** Conduct that creates the appearance of the acts in paragraphs A to D and also exhibits any uncovered or covered portions of the genitals, anus or pubic area.
   **2. Offense.** A person is guilty of possession of sexually explicit material if that person intentionally or knowingly transports, exhibits, purchases or possesses any book, magazine, print, negative, slide, motion picture, videotape or other mechanically reproduced visual material that the person knows or should know depicts another person engaging in sexually explicit conduct, and:
   **A.** The other person has not in fact attained the age of 14 years; or
   **B.** The person knows or has reason to know that the other person has not attained the age of 14 years.
   . . . .
   **4. Age of person depicted.** The age of the person depicted may be reasonably inferred from the depiction. Competent medical evidence or other expert testimony may be used to establish the age of the person depicted.
   . . . .
   **6. Contraband.** Any material that depicts a person who has not attained the age of 14 years engaging in sexually explicit conduct is declared to be contraband and may be seized by the State.

run computers, and access data, manuals on operations of systems and programs, which Peter Lehman would have been able to access, including, but not limited to, copies of the contents thereof."

[¶ 4] The police executed the warrant. The evidence that supported the State's prosecution for sexual exploitation of a minor was seized from a detached hard drive in the basement of Lehman's house. The police also recovered other computer-related equipment, including hardware, commercial compact disks, manuals for computer programs, and over four hundred computer disks.

[¶ 5] In December 1997, a grand jury returned an indictment charging Lehman with fifty-four counts of Class B sexual exploitation, 17 M.R.S.A. § 2922, and one count of Class C sexual abuse, 17–A M.R.S.A. § 254(1) (Supp.1998).[3] In January 1998, Lehman filed a motion to suppress evidence pursuant to M.R.Crim. P. 41A(a)[4] arguing, inter alia, that the warrant was overbroad. After a hearing, the Superior Court denied the motion to suppress. In April 1998, Lehman entered a conditional guilty plea pursuant to M.R.Crim. P. 11(a)(2)[5] to fifty-one counts of sexual exploitation of a minor, 17 M.R.S.A. § 2922, and one count of sexual abuse of a minor, 17–A M.R.S.A. § 254(1). Lehman thereafter appealed.

## II.

[¶ 6] Lehman argues that the warrant was overbroad in violation of the Fourth Amendment because it permitted the police to search all computer equipment, hardware, and software without limitation. We disagree.

[¶ 7] "A decision as to the constitutional adequacy of a search warrant is a

---

3. Title 17–A M.R.S.A. § 254 provides in relevant part:

   **Sexual abuse of minors**
   **1.** A person is guilty of sexual abuse of a minor if:
   **A.** Having attained the age of 19 years, the person engages in a sexual act with another person, not the actor's spouse, who has attained the age of 14 years but has not attained the age of 16 years, provided that the actor is at least 5 years older than the other person; ...
   **2.** It is a defense to a prosecution under subsection 1, paragraph A, that the actor reasonably believed the other person to have attained his 16th birthday.
   **3.** Violation of subsection 1, paragraph A is a Class D crime; ... except that the sentencing class for a violation of subsection 1 is one class higher if the State pleads and proves:
   **A.** The actor was more than 10 years older than the other person; or
   **B.** The actor knew the person was related to the actor within the 2nd degree of consanguinity.

4. Rule 41A of the Maine Rules of Criminal Procedure provides in relevant part:
   **MOTION TO SUPPRESS EVIDENCE**
   **(a) Grounds of Motion.** A defendant may move to suppress as evidence any of the following, on the ground that it was illegally obtained:

   (1) physical objects;
   (2) statements of the defendant;
   (3) test results;
   (4) out-of-court or in-court eyewitness identifications of the defendant.
   . . . .

5. Rule 11 of the Maine Rules of Criminal Procedure provides in relevant part:

   **PLEAS; ACCEPTANCE OF A PLEA TO A CHARGE OF A CLASS C OR HIGHER CRIME**
   **(a) Pleas**
   . . . .
   (2) *Conditional Guilty Plea.* With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional guilty plea. A conditional guilty plea shall be in writing. It shall specifically state any pretrial motion and the ruling thereon to be preserved for appellate review. If the court approves and the attorney for the state consents to entry of the conditional guilty plea, they shall file a written certification that the record is adequate for appellate review and that the case is not appropriate for application of the harmless error doctrine. Appellate review of any specified ruling shall not be barred by the entry of the plea.
   If the defendant prevails on appeal, the defendant shall be allowed to withdraw the plea.
   . . . .

matter of law." *State v. Pelletier*, 673 A.2d 1327, 1329 (Me.1996) (footnote omitted). The issue of whether the search warrant lacks the required specificity as to the place and items to be searched is an issue of constitutional adequacy that we review de novo. *See id.*

[¶ 8] The Fourth Amendment to the United States Constitution and article I, section 5, of the Maine Constitution protect against unreasonable searches and seizures. U.S. CONST. amend. IV.; ME. CONST. art. 1, § 5.[6] The Fourth Amendment requires that a search warrant "particularly describ[e]" the place to be searched and the persons or things to be seized, and article I, section 5, of the Maine Constitution requires that a warrant make a "special designation" of the place to be searched and the persons or things to be seized. U.S. CONST. amend. IV.; ME. CONST. art. 1, § 5. "A warrant must describe the property to be seized with such particularity that an executing officer will be able to identify it 'with certainty.' " *Pelletier*, 673 A.2d at 1329 (quoting *State v. Sweatt*, 427 A.2d 940, 949 (Me.1981)). "Such particularity discourages general searches and prevents the unauthorized seizure of property under the mistaken belief that it falls within the authorization of the warrant." *Sweatt*, 427 A.2d at 949. "The warrant can leave nothing to the discretion of the executing officer as to what is to be taken." *Pelletier*, 673 A.2d at 1329.

[¶ 9] When a warrant is issued to seize all computer software and hardware to recover computer images, courts have refused to conclude that the warrant is unconstitutional because of a failure to particularly describe the items to be seized. *See United States v. Upham*, 168 F.3d 532, 535 (1st Cir.1999), *cert. denied*, —— U.S. ——, 119 S.Ct. 2353, 144 L.Ed.2d 249 (1999) (upholding warrant issued for "[a]ny and all computer software and hardware, ... computer disks, disk drives ..." in the house of a woman suspected of sending and receiving child pornography over the Internet); *United States v. Lacy*, 119 F.3d 742, 746 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1571, 140 L.Ed.2d 804 (U.S. Apr. 27, 1998) (No. 97–8454) (upholding warrant issued for search of computer equipment and concluding that "this type of generic classification is acceptable 'when a more precise description is not possible,' and in this case no more specific description of the computer equipment sought was possible."); *Davis v. Gracey*, 111 F.3d 1472, 1479 (10th Cir.1997) (upholding warrant issued for "equipment ... pertaining to the distribution or display of pornographic material in violation of state obscenity laws ...." that resulted in seizure of computers, monitors, keyboards, modems, CD–ROM drives and changers). "[A] warrant that describes the items to be seized in broad or generic terms may be valid when the description is as specific as the circumstances and the nature of the activity under investigation permit." *Davis*, 111 F.3d at 1478 (quoting *United States v. Leary*, 846 F.2d 592, 600 (10th Cir.1988)) (internal quotations omitted).

[¶ 10] The warrant was not unconstitutionally overbroad when it authorized

---

6. The Fourth Amendment to the United States Constitution provides:
   The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
   Article I, section 5, of the Maine Constitution provides:

   The people shall be secure in their persons, houses, papers and possessions from all unreasonable searches and seizures; and no warrant to search any place, or seize any person or thing, shall issue without a special designation of the place to be searched, and the person or thing to be seized, nor without probable cause—supported by oath or affirmation.

the seizure of all computer-related equipment in Lehman's house. *See Upham,* 168 F.3d at 535; *Lacy,* 119 F.3d at 746; *Davis,* 111 F.3d at 1479. The police knew only that the images of the girls who Lehman allegedly sexually exploited were taken by a digital camera and downloaded on a computer. The description of the computer equipment to be seized was "as specific as the circumstances and the nature of the activity under investigation permit[ted]." *Davis,* 111 F.3d at 1478. Consequently, the warrant was not overbroad. *See Upham,* 168 F.3d at 535; *Lacy,* 119 F.3d at 746; *Davis,* 111 F.3d at 1479.

◼ [¶ 11] Lehman also argues that the warrant should have limited the search to the computer on the second floor of his Gorham home because such a computer was specifically identified by one of the girls who made a statement to the police. We disagree. A search of Lehman's entire house was appropriate given the mobility of computer equipment and the girls' statements that the alleged acts of sexual exploitation occurred throughout the premises. Moreover, although two girls stated that Lehman used a computer, only one specifically identified that computer as the computer on the second floor of the Gorham house. Consequently, the warrant does not fail for overbreadth because it authorized a search of Lehman's entire house.

### III.

[¶ 12] Lehman argues that because the warrant authorized the seizure of items presumptively protected by the First Amendment, the warrant must describe the items to be seized with "scrupulous exactitude." We disagree.

◼ [¶ 13] "[T]he constitutional requirement that warrants must particularly describe the 'things to be seized' is to be accorded the most scrupulous exactitude when the 'things' are books, and the basis for their seizure is the ideas which they contain." *Stanford v. Texas,* 379 U.S. 476, 485, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); *see also United States v. Guarino,* 729 F.2d 864, 867 (1st Cir.1984); *see generally* 2 WAYNE R. LAFAVE, SEARCH AND SEIZURE § 4.6(e) (3d ed.1996) (discussing "scrupulous exactitude" standard). First Amendment rights and the "scrupulous exactitude" standard are not implicated, however, when the materials to be seized are sought as evidence of a crime and not for "the ideas which they contain." *See United States v. Layne,* 43 F.3d 127, 133 (5th Cir.1995) (rejecting "scrupulous exactitude" standard for seizure of "pornographic" videotapes and magazines when items seized to corroborate victim's testimony regarding a sexual assault and not because of ideas contained); *United States v. Stelten,* 867 F.2d 446, 450 (8th Cir.1989) (rejecting "scrupulous exactitude" standard for seizure of written business records when items seized as evidence that defendant conspired to defraud government); *United States v. Kufrovich,* 997 F.Supp. 246, 263 (D.Conn.1997) (rejecting "scrupulous exactitude" standard for warrant to seize computers and correspondences when items seized as evidence that defendant used interstate commerce to persuade minor to engage in unlawful sexual act).

◼ [¶ 14] We reject Lehman's contention that the warrant was required to describe the items to be seized with "scrupulous exactitude." The warrant authorized the seizure of photographs and digital images because such items were evidence that Lehman sexually exploited minors— the police did not seize these items because of the content or ideas contained therein. *See Layne,* 43 F.3d at 133; *Stelten,* 867 F.2d at 450; *Kufrovich,* 997 F.Supp. at 263. Consequently, the First Amendment and the "scrupulous exactitude" standard is not implicated. Because this warrant particularly described the items to be seized pursuant to the United States Constitution and the Maine Constitution, we affirm the judgment.

The entry is:

Judgment affirmed.

