2004 ME 7

**STATE of Maine**

*v.*

**William WILCOX.**

**No. Aro–03–339.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 12, 2003.

Decided: Jan. 9, 2004.

Neale T. Adams, District Attorney, Todd R. Collins, Asst. Dist. Atty., Caribou, for State.

Alan F. Harding, Luke M. Rossignol, Hardings Law Offices, Presque Isle, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] The State appeals from a judgment of the Superior Court (Aroostook County, *Hunter, J.*) granting William Wilcox's motion to suppress evidence seized in a search of his home. The State contends that the court erred in (1) ruling that the supporting affidavit did not establish probable cause to believe that evidence of a crime would be found in a particular place; (2) restricting its review of the sufficiency of the affidavit to the affidavit itself; and (3) applying the exclusionary rule where an officer executed a search warrant in good faith reliance on a facially valid search warrant. We agree with the State that the supporting affidavit provided sufficient identification of the place to be searched and we therefore vacate the Superior Court's judgment.[1]

## I. BACKGROUND

[¶ 2] A twenty-year-old woman arrived at the Caribou Police Station with a videotape in hand. She told Officer Stephanie Beaulieu that for the last five months she had been living in the home of her friend and her friend's father, William Wilcox. The previous morning, after Wilcox left for work, as was her routine, she went back and forth between Wilcox's bathroom and bedroom to shower, groom, and get dressed for the day. On this particular

---

1. Because we agree that the affidavit in this case provided sufficient probable cause to believe that evidence of a crime would be found in a particular place, we do not reach the questions of whether the court erred in restricting its analysis to the affidavit itself or erred in not applying the good faith exception to the exclusionary rule.

morning, she noticed something different. Wilcox's bedroom television had been left on and when she moved close to the table in Wilcox's bedroom where she applied make-up and lotion, her image came into view on the television screen. Believing that she was being videotaped, she gathered her belongings and changed in another room. After she changed, she returned to Wilcox's bedroom, located a hidden video camera, and removed the tape from the camera.

[¶ 3] The young woman told Officer Beaulieu not only about the morning incident, but also of specific "child pornography" she had seen on Wilcox's computer, of Wilcox's use and possession of marijuana, and where he kept his marijuana in the home. She and Officer Beaulieu viewed the videotape and saw her in the nude and dressing.

[¶ 4] Based on this information, Beaulieu sought a search warrant. She provided the magistrate with a completed search warrant form, an affidavit, two pictures of Wilcox's home, Wilcox's motor vehicle record, and a three-page hand-written statement by the victim. Although the search warrant form set forth Wilcox's street address, the affidavit did not.

[¶ 5] The magistrate approved the warrant authorizing the search of Wilcox's home. The search warrant was executed and many items were seized, including videotapes, computer components, marijuana, and drug paraphernalia. Wilcox was charged with violation of privacy (Class D), 17–A M.R.S.A. § 511(1)(B) (1983 & Supp. 2003).

[¶ 6] Wilcox requested a jury trial and the invasion of privacy complaint was transferred from the District to the Superior Court where Wilcox filed a motion to suppress, which the court granted. The State filed a motion to reconsider, which the court denied. The court based its denial on the failure of Beaulieu's affidavit "to demonstrate probable cause to believe that evidence of [a] crime would be found in a particular place, to wit, 89 B Solman St. . . . ." The State filed this appeal with the written approval of the Attorney General, pursuant to 15 M.R.S.A. § 2115–A(1) (2003) and M.R.App. P. 2(a)(4) and 21(b).

## II. DISCUSSION

[¶ 7] When the State appeals from an order suppressing evidence we "review directly the probable cause finding of the judge or magistrate who issued the warrant." *State v. Coffin*, 2003 ME 83, ¶ 4, 828 A.2d 208, 209. " '[I]n keeping with the deference to be accorded the decision of a neutral magistrate to issue a search warrant, [we read the affidavit] . . . *positively* to determine whether it can fairly be read to support the complaint justice's action.' " *State v. Ward*, 624 A.2d 485, 487 (Me.1993) (quoting *State v. Knowlton*, 489 A.2d 529, 532–33 (Me.1985)). " 'Technical requirements of elaborate specificity . . . have no proper place in this area.' " *Id.* (quoting *State v. Lutz*, 553 A.2d 657, 659 (Me.1989)).

[¶ 8] Rule 41(c) of the Maine Rules of Criminal Procedure requires that "[t]he affidavit . . . specifically designate the . . . place to be searched . . . ." The place to be searched must be designated with specificity so as to discourage general searches and prevent seizure of property that falls outside the authorization of the warrant. *See State v. Lehman*, 1999 ME 124, ¶ 8, 736 A.2d 256, 260. Neither the execution of a general search nor seizure of property falling outside the authorization of the warrant is at issue in this case. Because Caribou is a relatively small Maine town, in spite of the omission of the street ad-

dress, "[f]rom a positive reading of [the] facts in their totality," *State v. Higgins,* 2002 ME 77, ¶ 22, 796 A.2d 50, 57, the affidavit provided ample probable cause to believe that the evidence sought would be located in the place that was searched.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.