Sean M Farris, Esq
Suzanne Lilley, ADA

STATE OF MAINE
AROOSTOOK,ss

SUPERIOR COURT
DOCKET NO. CR-03-008
EAH - ARO - 2/24/2004

STATE OF MAINE )
)
)
)
)
vs. )            ORDER ON MOTION
)            TO SUPPRESS
)
)
)
THOMAS VANDENBOSSCHE )
Defendant )

DONALD E. GARRECHT
LAW LIBRARY

MAR 3 2004

Pending before the court is the Defendant's Motion to Suppress. The Defendant contends that the search warrant magistrate lacked an adequate basis for probable cause and therefore the warrant should not have issued. For the reasons set forth herein, the court denies the motion.

The Defendant's motion requires the court to review the affidavit in this case under the standards described in Illinois v. Gates, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S.Ct. 2317 (1983); Massachusetts v. Upton, 466 U.S. 727, 80 L.Ed. 2d 721, 724, 104 S.Ct. 2085 (1984) and State v. Knowlton, 489 A.2d 529 (Me. 1985). These cases instruct the court to apply a "totality of the circumstances" test rather than any kind of rigid or fixed formula. They also remind the court that it is not to make a de novo determination of probable cause but rather instruct the court to accord deference to the magistrate's decision. Knowlton at p. 532. This court is required to give a common sense positive reading to the affidavit supplied to the magistrate and not a grudging, negative, or hyper technical reading. Id at. P.533. (See also State v. Wilcox 2004 ME 7, ¶7.) The question is whether there was a substantial basis for the magistrate's finding of probable cause to believe that the items to be seized will be found in the place to be searched. Id.

In this instance, the magistrate was informed that law enforcement officers had been investigating a substantial marijuana growing operation in the Haynesville area over several years. The marijuana grows appeared to be of a continuous nature and involved several different plots all similarly maintained. Two of these plots were located near an old farmhouse on the Ferry Road in Haynesville. They were situated along a well-worn path directly opposite the farmhouse. Thomas Taylor from Wales, Maine had purchased the house and farm several years before. No one appears to live at the farmhouse and it is not regularly used. However, periodically people would go to the home, stay three or four days and then leave. When people were there, there would be three or four pickup trucks with trailers and ATV's in the dooryard. Based on observed travel patterns, the activities of the occupants of this residence appeared to be linked to the marijuana plots

under surveillance. Informants advised law enforcement that Taylor was heavily involved with the growing and selling of marijuana

On August 9, 2002, law enforcement officers had observed a blue 1989 GMC pickup truck in the dooryard of Taylor's Ferry Road residence and ran a check on the registration. The report came back indicating that the truck belonged to the Defendant who maintained a residence in Litchfield, Maine.

The law enforcement officers checked with the Augusta Office of the MDEA to learn what they could about the defendant and received reports that the Defendant was involved with a large marijuana growing operation. The report indicated that the informant had personally observed over five hundred marijuana plants at the Defendant's home. A review of the Defendant's electricity records showed patterns of electricity use at the Defendant's home that were consistent with starting the growth of marijuana plants inside under fluorescent lighting.

Law enforcement officers learned that the Defendant has a 1987 conviction for possession of schedule W drugs.

In September of 2002, they learned from another confidential informant that the Defendant had made statements acknowledging that he grows large amounts of marijuana in Springfield.

On September 14, 2002, yet another informant provided information that the Defendant was growing marijuana on his property in Litchfield.

All of the forgoing information was presented to the magistrate on September 24, 2002.

Reading this information deferentially and in a positive light with all reasonable inferences, the magistrate would have been justified in concluding that there were sufficient links between the Defendant and the individuals, who appeared to be engaged in growing marijuana in Aroostook County, to conclude that the Defendant was also engaged in growing marijuana, not only in Aroostook County but at his home in Litchfield. Mindful that the magistrate does not have to find by a preponderance of the evidence that there will be contraband found in the place to be searched but only there *may* be contraband in the place to be searched, the court concludes that the magistrate had sufficient probable cause to justify issuing the warrant in this case.

The entry shall be:   The Defendant's Motion to Suppress is denied.

Dated: February 12, 2004

JUSTICE, SUPERIOR COURT
E. ALLEN HUNTER

FILED & ENTERED
SUPERIOR COURT

FEB 2 4 2004

AROOSTOOK COUNTY