STATE OF MAINE  
WALDO, SS.

SUPERIOR COURT  
DOCKET NO. CR-18-387

STATE OF MAINE            )
                          )
                          )        ORDER DENYING
        v.                )        MOTION TO SUPPRESS
                          )
JERRY IRELAND             )
        Defendant         )


The defendant filed a Motion to Suppress evidence seized from the defendant's property as the result of a search undertaken subsequent to a search warrant having been issued. The pending motion challenges several aspects of the warrant relating to the application for it, the warrant itself, and its ultimate execution. A hearing on the defendant's motion was held before the Court at which two witnesses provided testimony and additional exhibits were admitted for the Court's consideration. Subsequent to the hearing, the parties provided written closing arguments.


## BACKGROUND INFORMATION


The pending Complaint against the defendant asserts a number of counts alleging Cruelty to Animals in violation of Title 17 M.R.S.A. §1031 (1)(B). At the hearing, Rae-Ann Demos, a District Humane Agent with the Animal Welfare Program in the Department of Agriculture, testified with respect to her involvement in both the application for the search warrant which was issued, and her underlying involvement in the investigation of the defendant.

1

Ms. Demos was the affiant of the affidavit submitted in support of the request for a search warrant in this case. The affidavit and request for a search warrant was submitted to, and reviewed and approved by District Court Judge Sparaco on March 27, 2018.

Ms. Demos, in her affidavit, and as part of her testimony at the motion hearing described her own personal involvement in visiting the defendant's farm location prior to March 27, 2018. Specifically, the affidavit refers to at least five separate occasions between November 16, 2017 and March 21, 2018 when Ms. Demos had personally been to Mr. Ireland's farm location to address concerns regarding animal care and treatment issues there. The affidavit also describes other occasions in that same timeframe where a different Animal Control Officer was also present at the defendant's farm location to address animal care and treatment issues. Ms. Demos also personally participated in the execution of the search warrant at the defendant's property on March 28, 2018.

The affidavit submitted to the reviewing judge, and which was included as Joint Exhibit 1 at the motion hearing, also attached four photographs of the specific portion of the defendant's property where it was believed that the mistreatment of the defendant's animals was occurring.

The defendant's farm was located in a rural area of Swanville, Maine on the Nickerson Road. The affidavit in support of the request for a search warrant did not include a specific street address for the defendant's farm location. The search warrant itself which was proffered to the reviewing judge did

2

include a reference to 361 Nickerson Rd. in Swanville in the section of the warrant identifying the "place(s) or person(s) to be searched." Testimony presented at the motion hearing suggests that the defendant's farm property included two contiguous parcels along Nickerson Road at both 361 and 282 Nickerson Rd. The defendant testified that the property ultimately seized was taken from the parcel at 282 Nickerson Rd.

The affidavit in support of the search warrant specifically asked for the authority to "remove any live, dead or unborn animals from the property that are being or have been deprived of necessary sustenance, proper shelter, and humanely clean conditions." The search warrant identified the "Property or article(s) to be searched for" as, "Evidence of the crime(s) of animal cruelty." The items actually seized from the defendant's property, when the warrant was executed on March 28, 2018, was limited to five deceased pigs and one live pig. Ms. Demos testified that the live pig which was seized was in an area where there was no food or water, and that that pig's body score was 2.5 on a 1 to 9 scale measuring the level of emaciation. The five deceased pigs which were seized were all excavated from an area on the defendant's property which was described in the search warrant affidavit and depicted in the pictures attached to the affidavit. Ms. Demos testified that the five deceased pigs that were seized were all very thin, and some had stab wounds in addition to evidence of having been shot.

## ANALYSIS

The defendant's motion to suppress raises a number of arguments as potential bases for it being granted. These include:

3

1. The search warrant affidavit failed to establish probable cause for the address and location to be searched;

2. The search was executed at an address different than that issued in the warrant;

3. The search for an affidavit failed to establish probable cause that evidence of a crime would be found at the Ireland farm;

4. The search warrant failed to describe with particularity the items to be seized; and

5. The agents lacked good faith in relying on the defective warrant.

In numerous cases, the Law Court has addressed various challenges to search warrants and the exclusion of evidence seized pursuant to such search warrants. In generally addressing the applicability of the Fourth Amendment constitutional analysis, the Law Court in *State v. Gurney, 2012 ME 14, ¶31-33,* stated,

> [t]he Fourth Amendment of the United States Constitution requires a showing of probable cause, as supported by oath or affirmation, before a search warrant may be issued. In determining whether a search warrant affidavit sufficiently establishes probable cause, we review directly the finding of probable cause made by the judicial officer when the warrant was issued, giving that finding "great deference." Accordingly, we read the search warrant affidavit "in a positive light and consider all reasonable inferences that may be drawn from information in the affidavit."

In reviewing a probable cause determination, we apply a "totality of the circumstances" test, which "requires a practical, common-sense

4

decision whether, given all the circumstances set forth in the affidavit . . . including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

"To meet the standard for probable cause, the warrant affidavit must set forth some nexus between the evidence to be seized and the locations to be searched." [Internal citations omitted]. See also, *State v. Nunez, 2016 ME 185, ¶18-19.*

In *State v. Peakes, 440 A.2d 350 (Me. 1982)* the Law Court addressed the sufficiency of the property description for the property which was the subject of the search warrant in that case. In particular, the court noted that while a sufficient description of the property to be searched in the warrant itself is always preferable, the warrant and affidavit taken together provided a description which was sufficiently particular to protect the defendant's constitutional rights.

The Law Court addressed the more specific issue of the absence of a street address in a search warrant application's supporting affidavit, in the case *State v. Wilcox, 840 A.2d 711 (Me. 2004).* In the pending case, as in *Wilcox*, a specific street address was included on the search warrant form, but was absent from the supporting affidavit. In upholding the magistrate's approval of the search warrant in *Wilcox*, the Law Court concluded, "from a positive reading of the facts in their totality, the affidavit provided ample probable cause to believe that the evidence sought would be located in the place that was searched." *Id. at 714.*

5

In the pending case, the lack of a specific street address in the supporting affidavit, or even the arguably incorrect street number related to the contiguous farmland parcel also owned by the defendant, which was contained in the warrant, is not fatally defective. The particular location to be searched in this case was an area which had been personally visited by the affiant on numerous prior occasions, and, moreover was also depicted in photographs taken near in time to the date the affidavit was prepared and submitted. The risk of any misidentification of the property or location to be searched in connection with the warrant due to a lack of a specific street number address was minimal.

Applying the standards that the Law Court has articulated in the cases noted above, and noting the deference which must be afforded the reviewing magistrate's decision, this court concludes that the totality of the circumstances establishes the finding of probable cause necessary to support the issuance of a search warrant to search the defendant's property where the evidence in this case was ultimately seized. Moreover, the property to be seized, namely, "any live, dead or unborn animals...that are being or have been deprived of necessary sustenance, proper shelter, and humanely clean conditions" or "evidence of the crime of animal cruelty," as described in the affidavit and search warrant, was sufficiently particular, and, in fact, matched the property which was actually seized in this case.

For all these reasons, the court hereby denies the plaintiff's Motion to Suppress.[1]

Date: 4/25/17

_____
SUPERIOR COURT JUSTICE

---

[1] Because the Court concludes that the evidence supported the probable cause determinations that were made by the District Court Judge who approved the warrant, the Court does not reach issue relating to the applicability of the "good faith exception."