Argued and submitted December 20, 1984, reversed and remanded April 3, reconsideration denied April 19, petition for review denied June 4, 1985 (299 Or 251)

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLIAM EDWIN JORDAN,
*Respondent.*

## (13897; CA A31231)

697 P2d 1004

Stephen F. Peifer, Salem, argued the cause for appellant. On the brief were Dave Frohnmayer, Attorney General, Salem, James E. Mountain, Jr., Solicitor General, Salem, and Robert E. Barton, Assistant Attorney General, Salem.

John Daugirda, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The state appeals a pretrial order suppressing evidence seized pursuant to a search warrant. ORS 138.060(3). The ground for the suppression was that the judge who issued the warrant did not comply with the statutory requirements for issuing a telephonic warrant. We disagree and reverse and remand.

Prineville Officer Long called the District Court judge in Madras on the morning of October 7, 1983, and requested a warrant to search an apartment in Prineville. He told the judge that the occupant was preparing to move out that afternoon. Long then turned on a tape recorder in his office, the judge placed him under oath and Long read an affidavit that he had prepared in support of his application for a warrant. After the judge asked some questions concerning Long's informants, he said, "Okay, I'll allow you to have a search warrant to search the premises that you described for unlawful controlled substances including growing marijuana, paraphernalia related thereto, and other controlled substances that may be on the premises." Long then prepared a search warrant allowing a search for "unlawfull [sic] controlled substances including growing marihuana, paraphenalia [sic] related thereto, and other controlled substances that may be on the premises." He signed the judge's name, dated it 11:50 a.m., and executed the warrant one hour later. On November 15, 1983, the judge signed an original of the warrant, *nunc pro tunc* October 7, 1983.

The trial judge concluded in relevant part:

"V. ORS 133.555(3) was not correctly followed in that the original warrant which was signed by Judge Neilson on November 15, 1983 did not exist at the time that Officer Kenneth Long signed the duplicate original on October 7, 1983. A warrant cannot be a duplicate of an original warrant unless the original is in existence.

"VI. Further, ORS 133.555(3) was not followed in that it requires that the Judge enter on the face of the original warrant the exact time of the issuance of the warrant and further requires that the Judge sign and file the original warrant in the manner provided by law. This provision anticipates that the Judge sign his name to an original warrant while at the same time authorizing a police officer or

District Attorney to sign the Judge's name on a duplicate original warrant. This procedure was not followed.

"VII.   Failure to follow the necessary procedures outlined in ORS 133.555(3) requires that the resulting search and seizure be suppressed."

Accordingly, the judge ordered that the evidence be suppressed.

ORS 133.545(4) provides:

"Instead of the written affidavit described in subsection (3) of this section, the judge may take an oral statement under oath when circumstances exist making it impracticable for a district attorney or police officer to obtain a warrant in person. The oral statement shall be recorded and transcribed. The transcribed statement shall be considered to be an affidavit for the purposes of this section. In such cases, the recording of the sworn oral statement and the transcribed statement shall be certified by the judge receiving it and shall be retained as part of the record of proceedings for the issuance of the warrant."

ORS 133.555(3) provides:

"The judge may orally authorize a police officer or a district attorney to sign the judge's name on a duplicate original warrant. A duplicate original warrant shall be a search warrant for the purposes of ORS 133.535 to 133.615, and it shall be returned to the judge as provided in ORS 133.615. In such cases a judge shall enter on the face of the original warrant the exact time of the issuance of the warrant and shall sign and file the original warrant in the manner provided by law."

Defendant argues that the warrant here was defective, because there is no sworn evidence that circumstances existed making it impracticable for Long to obtain a warrant in person, the issuing judge did not specifically authorize Long to sign his name to the duplicate original warrant and the judge did not sign and file an original of the warrant until after the warrant had been executed.[1]

Defendant's arguments reflect a misunderstanding of the telephonic warrant procedure. A police officer who desires

---

[1] Defendant also asserts that Long's testimony did not provide probable cause for issuance of the warrant. We disagree.

a warrant but is unable to present a written application to a judge in person may do so by telephone.[2] Some of the procedural requirements for a personal warrant application are inapplicable when the application is by telephone. A personal application consists of a proposed warrant and supporting affidavits. It is obviously impossible for a telephonic application to include a proposed warrant. The sworn oral statement, when transcribed, takes the place of the affidavit; although the statute does not say so, the officer's oral request must take the place of the proposed warrant. The statute does not require that either that request, or any explanation the officer gives the judge of the reasons for making a telephonic rather than a personal application, be recorded or otherwise appear in the record of the warrant application. Thus, there was no requirement that there be sworn evidence that circumstances existed making it impracticable for Long to obtain a warrant in person. The circumstances that did exist, as shown at the hearing on the motion to suppress, met the statutory criterion.[3]

Although the judge did not specifically tell Long "I authorize you to sign my name to the warrant," his statement "I'll allow you to have a search warrant," with the limitations he described, was implicit authorization. The judge knew that, under the circumstances, the only way that Long could have a warrant was by signing the judge's name to a duplicate

---

[2] We have encouraged the use of telephonic search warrants by officers conducting a search incident to arrest when they reach a logical stopping point. *See State v. Flores,* 68 Or App 617, 634 n 6, 685 P2d 999, *rev den* 298 Or 151 (1984).

[3] Defendant appears to equate "impracticable" under ORS 133.545(4) with "exigent circumstances." That is incorrect. The telephonic warrant procedure is simply an alternative method of obtaining a valid warrant. It does not change the substantive requirements for the issuance of a warrant. It is available for use when a personal application would interfere with the ability of the police to conduct a timely search, even if that interference is not so great as to be an "exigency." The legislative commentary states that the telephonic procedure is particularly designed for the situation of long distances and few judges in eastern Oregon. Here, the judge was in Madras, and Long was 30 miles away in Prineville. It would have taken Long a round trip of over an hour at the legal speed limit to make a personal application for the warrant, and he was the only officer on duty in Prineville until 2 p.m. that day. He believed that defendant intended to move that afternoon, and he told that to the judge when he applied for the warrant. The Crook County District Attorney's office had told Long that there was no judge available in Prineville that day. The parties stipulated that the judge would have testified that he would not have given a telephonic warrant if he had believed that there was a judge in Prineville. That was a sufficient showing of impracticability.

original. Obviously, it would be better practice for a judge granting a telephonic warrant specifically to authorize the officer to sign the judge's name. However, we hold that, on these facts, the statutory requirement was met.

■    The warrant was effective from the time that Long, as the judge's agent, signed it. ORS 133.555(3) provides that "[a] duplicate original warrant shall be a search warrant" from the time the officer signs the judge's name on it. The statute does not state exactly *when* the judge must sign and file the original warrant. While it would have been better if the judge had been more prompt in doing so, his delay did not affect the validity of the duplicate original warrant or of the search. Defendant does not contend that the duplicate original warrant varied from what the judge had authorized or from the original which he ultimately signed and filed.[4] Because the telephonic warrant was valid, the search was proper. The trial court erred in suppressing the evidence.

Reversed and remanded.

---

[4] The judge certified the transcribed statement and the form of the warrant as correct on November 3, 1983.