Submitted July 30, 2013, affirmed July 2, petition for review denied
October 23, 2014 (356 Or 400)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WAYNE ELLIOTT ROSE,
*Defendant-Appellant.*

Polk County Circuit Court
10P3394; A147635

330 P3d 680

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

NAKAMOTO, J.

In this criminal case, defendant appeals a judgment convicting him of using a child in a display of sexually explicit conduct, ORS 163.670.[1] Defendant had an e-mail account with Yahoo!, Inc. (Yahoo), a California-based company. Pursuant to a search warrant issued by an Oregon circuit court, Yahoo disclosed defendant's e-mails to the police, including two e-mails containing photographs of the victim's breasts. Defendant assigns error to the trial court's denial of his motion to suppress, contending that the warrant was invalid because (1) the circuit court did not have authority under ORS 136.583 to issue a search warrant to be executed outside of Oregon and (2) even if it did, the warrant was insufficiently particular.[2] We conclude that, under ORS 136.583, the circuit court had the authority to issue the out-of-state warrant and that the warrant was sufficiently particular. Accordingly, we affirm.

We first summarize the facts at trial that formed the basis for defendant's conviction. The victim, a 16-year-old girl, conversed with defendant, her friend's stepfather, through Facebook, MySpace, instant messaging, e-mails, and telephone calls. In June 2010, the victim offered to send defendant a photograph of her breasts. Defendant e-mailed the victim a photograph of his bare chest in June. Several hours later, the victim e-mailed defendant a photograph of her bare chest and then shortly afterward, because she was not satisfied with the first one, e-mailed a second photograph of her bare chest. The victim had taken the photographs of herself at home.

---

[1] ORS 163.670 was amended by Oregon Laws 2011, chapter 515, section 2. The 2009 version of ORS 163.670 was in effect at the time defendant committed the crime, therefore, all references to ORS 163.670 in this opinion are to the 2009 version.

[2] Defendant also challenges the denial of his motion for judgment of acquittal. Under ORS 163.670(1), a person commits the crime of using a child in a display of sexually explicit content "if the person employs, authorizes, permits, * * * or induces a child to participate or engage in sexually explicit conduct for any person to observe or to record in a photograph * * * or other visual recording." In turn, ORS 163.665(3)(f), *amended by* Or Laws 2011, ch 515, § 1, defines "sexually explicit conduct" as any "lewd exhibition of sexual or other intimate parts." We affirm the trial court's denial of defendant's motion for judgment of acquittal without further discussion based on *State v. Evans*, 178 Or App 439, 37 P3d 227 (2001), *rev den*, 334 Or 76 (2002) (construing the term "lewd exhibition").

The remaining facts in this case, taken from the suppression hearing, *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993) (explaining that we are bound by the trial court's findings of fact if they are supported by evidence in the record; we review for legal error), are undisputed and mainly procedural. Detective Pitt of the Polk County Sheriff's Office had probable cause to believe that the victim had sent photographs of her breasts to defendant through e-mail. Pitt applied for a search warrant seeking the e-mail records of defendant's and the victim's e-mail accounts through Yahoo, intending to find the photographs. Pitt stated in his supporting affidavit that he spoke to the victim on July 22, 2010, and that she told him that she and defendant had known each other for several years and that they had been communicating over the last few months via telephone, e-mails, and instant-messaging chats online. The victim also told Pitt that during her conversations with defendant they had discussed sexually explicit details.

The circuit court issued the search warrant. The warrant stated that there was probable cause to believe that evidence of the crime of using a child in display of sexually explicit conduct and encouraging child sexual abuse was presently located in "[a]ny computer database controlled or owned by Yahoo Inc. which is accessed by the Legal Compliance Team located at 701 First Avenue, Sunnyvale, California 94089." Although Pitt was focusing his investigation on a period in 2010, the warrant authorized the officers to search and seize the following items, including all of defendant's e-mails:

"Any and all records regarding the identification of a user with the Yahoo! ID [defendant's user name] or Yahoo! Email account [defendant's e-mail address]@yahoo.com, to include name and address; Yahoo! Email address; alternate mail address; IP address and date and time of registration; account status; and log-in IP addresses associated with session times and dates. Any and all contents of electronic files that the above subscriber has stored in the subscriber's Yahoo! Account. Any and all Yahoo! IDs listed on the subscriber's Friends list."

Pitt faxed the search warrant to the Yahoo legal compliance team in California. In response to the search

warrant, Yahoo sent Pitt a computer disk containing the requested information, including large quantities of e-mail. Pitt then searched the e-mail records it contained, concentrating on the e-mails from June and July 2010. Pitt found the two photographs of the victim's breasts among the e-mails.

Defendant moved to suppress the photographs before trial. He argued that the warrant was invalid because it was not statutorily authorized and that, in any event, the warrant was insufficiently particular. The trial court ruled that ORS 136.583 authorized the issuance of the warrant and appears to have rejected without discussion defendant's "insufficient particularity" argument. Defendant ultimately was convicted of using a child in a display of sexually explicit conduct, ORS 163.670, based on the first photograph.

On appeal, defendant assigns error to the trial court's denial of his motion to suppress and renews his two arguments.[3] We first address defendant's argument that, contrary to the trial court's ruling, the circuit court lacked authority to authorize an out-of-state search warrant under ORS 136.583. That statute provides, in relevant part:

"(1)   Notwithstanding ORS 136.557, 136.563, 136.565 or 136.567 and subject to ORS 136.580(2), criminal process authorizing or commanding the seizure or production of papers, documents, records or other things may be issued to a recipient, regardless of whether the recipient or the papers, documents, records or things are located within this state, if:

"(a)   The criminal matter is triable in Oregon under ORS 131.205 to 131.235; and

"(b)   The exercise of jurisdiction over the recipient is not inconsistent with the Constitution of this state or the Constitution of the United States.

---

[3] Defendant also argues that, under both Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution, he has a protected privacy interest in the content of his e-mails. The state argues that defendant's position below, *i.e.*, that the officer conducted an illegal search under the state and federal constitutions, assumed the existence of a constitutionally protected privacy interest in the e-mails and electronic files. Accordingly, the state argues, we should not consider that issue because it was not raised and litigated below. We agree with the state, and, therefore, we analyze this appeal assuming, without deciding, that defendant had a protected privacy interest in the e-mails and electronic files produced under the warrant.

"* * * * *

"(11)   As used in this section:

"* * * * *

"(b)   'Criminal process' means a subpoena, search warrant or other court order.

"* * * * *

"(e)   'Recipient' means a business entity or nonprofit entity that has conducted business or engaged in transactions occurring at least in part in this state."

ORS 136.583.

Defendant argues that the circuit court lacked statutory authority under ORS 136.583 to issue the search warrant to be executed in California because (1) warrants issued under ORS 136.583(1)(b) must be consistent with certain requirements of the Oregon and federal constitutions and (2) out-of-state search warrants are not permitted under either of those constitutions. Defendant's argument thus depends on two premises: his reading of ORS 136.583(1)(b) and his constitutional arguments. Because we reject defendant's reading of ORS 136.583(1)(b), we do not reach defendant's arguments concerning the limits of the Oregon and federal constitutions, which the state has opposed both on the merits and on preservation grounds.

As a preliminary matter, we address the state's argument that defendant failed to preserve his challenge to the warrant's issuance based on his reading of ORS 136.583(1)(b). At the suppression hearing, defendant did not focus on ORS 136.583(1)(b), but he did argue that the state could not avail itself of ORS 136.583 as support for the warrant. The trial court ruled that ORS 136.583 was the source of the circuit court's authority to issue the warrant. As the Supreme Court observed in *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008), the rule of preservation "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal." In *State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011), the court noted that the rule "also ensures fairness

to opposing parties, by requiring that the positions of the parties are presented clearly to the initial tribunal" to avoid hampering the ability of those parties to meet an argument. (Internal quotation marks omitted.) The court explained:

> "Precisely what suffices to 'present[ ] clearly' a particular position, for preservation purposes, is not something that can be explained by a neat verbal formula. And, in fact, this court has cautioned that 'problems * * * may arise if the preservation onion is sliced too thinly.' *State v. Amaya*, 336 Or 616, 629, 89 P3d 1163 (2004). Instead, the court has counseled attention to the purposes of the rule and the practicalities it serves. As we explained in *State v. Parkins*, 346 Or 333, 341, 211 P3d 262 (2009), '[u]ltimately, the preservation rule is a practical one, and close calls * * * inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served.'"

*Walker*, 350 Or at 548 (brackets and ellipses in *Walker*). Keeping in mind that this is a criminal case, that the realities of limited time and resources in a criminal trial practice are typically different than in civil trial practice, *see id.* at 550-51, and that the trial court ruled that ORS 136.583 authorized the issuance of the warrant, we conclude that defendant sufficiently preserved a challenge to the warrant based on the inapplicability of ORS 136.583.

As for the merits of defendant's argument, the state points to the text of ORS 136.583 and the reason for its enactment as authority for the court's issuance of the warrant in this case. The state argues that ORS 136.583 by its plain terms authorized the circuit court to issue a search warrant for stored electronic files in Yahoo's database in California. The state also argues that its reading of the statute is correct in light of the statute's purpose, which was to allow Oregon courts to issue warrants for electronic communications in accordance with the Stored Communications Act (SCA), 18 USC sections 2701 to 2712. We conclude that the circuit court was authorized under the terms of ORS 136.583 to issue the warrant in this case.

Because it provides helpful background to the statutory construction issue in this case, we describe the SCA before

addressing the parties' textual arguments concerning ORS 136.583. The SCA was enacted as part of the Electronic Communications Privacy Act of 1986, with the dual purpose of

> "protect[ing] the privacy of users of electronic communications by criminalizing the unauthorized access of the contents and transactional records of stored wire and electronic communications, while providing an avenue for law enforcement entities to compel a provider of electronic communication services to disclose the contents and records of electronic communications."

*In re United States for an Order Pursuant to 18 USC*, 707 F3d 283, 286-87 (4th Cir 2013).

Relevant to this case is section 2703 of the SCA, which governs the circumstances in which a government entity, including state governments, *see* 18 USC § 2711(4), may compel a provider of electronic communication services or remote computing services[4] to disclose the contents of a customer's electronic communications or the customer's records or other information. Under section 2703, the government can require a provider of electronic communications services or remote computing services to disclose the contents of electronic communications if the entity obtains a warrant "issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction." 18 USC § 2703(a), (b)(1)(A). Under the SCA, a state court is a "court of competent jurisdiction" if it is "a court of general criminal jurisdiction of a State authorized by the law of that State to issue search warrants." 18 USC § 2711(3)(B).

Thus, under federal law, a state entity may compel a provider of electronic communication services or remote computing services, such as an e-mail provider, to disclose the contents of e-mails if the entity has a warrant "issued using State warrant procedures *** by a court of competent jurisdiction." 18 USC § 2703(a), (b)(1)(A). The SCA does not expressly address whether a state court can issue a

---

[4] The SCA does not define the term "electronic communication service" but does define the term "remote computing service" to mean "the provision to the public of computer storage or processing services by means of an electronic communications system[.]" 18 USC § 2711(2).

search warrant for such content located in another state.[5] Instead, the SCA broadly authorizes warrants for such content so long as the warrant is issued "using State warrant procedures" by a "court of general criminal jurisdiction of a State authorized by the law of that State to issue search warrants[.]" The Oregon legislature created such a procedure in 2009, when it enacted ORS 136.583 through House Bill (HB) 2502 (2009). Or Laws 2009, ch 617, § 1.[6] That statute expressly states that, under certain circumstances, Oregon courts are authorized to issue "criminal process," including warrants, to a recipient "commanding the seizure or production of papers, documents, records or other things * * * *regardless of whether the recipient or the papers, documents, records or things are located within this state[.]*" ORS 136.583(1) (emphasis added); *see also* ORS 136.583(11)(b) (defining "criminal process" to include "a subpoena, search warrant or other court order"); ORS 136.583(11)(e) (defining "recipient" as "a business entity or nonprofit entity that has conducted business or engaged in transactions occurring at least in part in this state").

The legislature placed two jurisdictional limitations on a court's ability to issue such criminal process under ORS 136.583, each directed at ensuring that the court issuing the process has jurisdiction over the criminal matter as well as the recipient. The first limitation relates to the subject matter jurisdiction of the court issuing the process, requiring

---

[5] The state seems to argue that the SCA provides states with independent authority to issue out-of-state warrants. However, the definition of a "court of competent jurisdiction" in the SCA is limited in the state court context to "court[s] of general criminal jurisdiction" that are "authorized by the law of that State to issue search warrants." Neither that definition nor any other provision of the SCA grants state courts the power to issue an out-of-state warrant if such a warrant is not authorized by state law. In contrast, in the context of federal courts, the SCA defines the term "court of competent jurisdiction" to include "any district court * * * that * * * *has jurisdiction over the offense being investigated*[.]" 18 USC § 2711(3)(A)(i) (emphasis added). Thus, under the SCA, a federal district court in Oregon could issue a warrant compelling the disclosure of content in another state so long as the court has territorial jurisdiction over the offense related to the warrant. *See In re Search of Yahoo, Inc.*, 2007 WL 1539971 at *3-4 (D Ariz 2007) (explaining that, in context of federal courts, the term "jurisdiction" in the SCA refers to territorial jurisdiction).

[6] Since its enactment in 2009, the legislature has amended ORS 136.583 once. *See* Or Laws 2013, ch 218, § 17 (changing definition of "declaration" in ORS 136.583(11)(c)). That amendment is not relevant to our analysis.

that the criminal matter be "triable in Oregon under ORS 131.205 to 131.235." ORS 136.583(1)(a). Those statutes, in turn, describe the conditions for establishing criminal jurisdiction in Oregon.

The second limitation, which defendant focuses on, relates to the court's jurisdiction over the recipient of the criminal process. The statute allows a warrant to issue only if the "exercise of jurisdiction over the recipient is not inconsistent with the Constitution of this state or the Constitution of the United States." ORS 136.583(1)(b). As mentioned above, defendant argues that Oregon courts lack authority under the Oregon and federal constitutions to issue search warrants that will be executed outside of Oregon. Thus, in defendant's view, the warrant in this case was not authorized by ORS 136.583(1)(b). Defendant interprets the constitutional limitation in subsection (1)(b) as a territorial jurisdictional limitation, not a personal jurisdictional limitation. That interpretation, however, runs counter to the plain terms of subsection (1)(b), which expressly refers to "jurisdiction *over the recipient*," indicating a requirement of personal jurisdiction over the recipient of the warrant, not a requirement pertaining to the court's jurisdiction to issue warrants generally. Moreover, defendant's interpretation would preclude an Oregon court from ever issuing a search warrant under ORS 136.583 that is to be executed outside the state, which was precisely the purpose of that statute. *See* Testimony, Senate Committee on Judiciary, HB 2502, May 22, 2009, Ex 2 at 1 (statement of Rep Andy Olson) (explaining that HB 2502 amended the current process for obtaining business records in another state, which was "time consuming, expensive, and, in circumstances where a search warrant is required, nonexistent").[7]

The legislative history confirms that defendant's view of subsection (1)(b) is incorrect. In written testimony in support of the bill, Representative Andy Olson explained that HB 2502 amended the process for obtaining records

_____

[7] We note that defendant is not arguing that ORS 136.583, as applied, is unconstitutional. He is merely arguing that the constitutional limitations within ORS 136.583(1)(b) are such that the out-of-state search warrant in this case was not authorized under that statute. We therefore do not consider the constitutionality of ORS 136.583.

from businesses, allowing "a prosecutor or a defense attorney to obtain business records from a business doing business in Oregon, even if the records or the business is located outside of the state." *Id.* Olson noted that

"[b]usiness records are often vital evidence in criminal cases. For the criminal justice system to work properly, prosecutors and defense attorneys must have access to business records and be able to use them in court. For example, business records are essential in identity theft cases as well as cases involving crimes committed via the Internet.

"The business records of many businesses that conduct transactions in Oregon are located in another state—for example, the records of an Internet Service Provider such as Yahoo!"

*Id.* Olson clarified, however, that the procedure created by HB 2502 for obtaining such records affects only businesses "that have subjected themselves to Oregon's jurisdiction by doing business in Oregon." *Id.* at 2. Therefore, contrary to defendant's argument, subsection (1)(b) requires that the court issuing the warrant have personal jurisdiction over the recipient business and does not require that the issuance of the warrant itself be predicated on its execution within Oregon.

In effect then, as the state aptly observes, ORS 136.583 acts as a long-arm statute authorizing Oregon courts to issue search warrants to be executed on businesses located outside of Oregon so long as such an exercise of jurisdiction over the business comports with constitutional requirements of due process. Those constitutional requirements for personal jurisdiction have been discussed at length in both Oregon cases and United States Supreme Court cases. *See, e.g., O'Neil v. Martin,* 258 Or App 819, 829-35, 312 P3d 538 (2013), *rev den,* 355 Or 381 (2014) (discussing Oregon case law); *Burnham v. Superior Court of Cal., Marin County,* 495 US 604, 110 S Ct 2105, 109 L Ed 2d 631 (1990). Defendant, however, does not argue that the circuit court in this case lacked personal jurisdiction over Yahoo.[8]

---

[8] The state points out that California also has a statute that directs California corporations, like Yahoo, to produce customer records or information when served

Accordingly, because ORS 136.583 authorizes an Oregon court to issue a search warrant to be executed on a business located outside of Oregon so long as the court has personal jurisdiction over the recipient business, and defendant does not dispute the circuit court's personal jurisdiction over Yahoo, we affirm the trial court's denial of defendant's motion to suppress.

We now turn to defendant's remaining challenge to the validity of the search warrant: that the warrant was insufficiently particular. Specifically, defendant argues that the warrant violated the particularity requirements of Article I, section 9, of the Oregon Constitution, and the Fourth Amendment to the United States Constitution, because it authorized a search of all of defendant's e-mails stored on his Yahoo account, despite the fact that the officer knew that the alleged photographs of the victim were sent in June or July of 2010. For the reasons that follow, we conclude that the warrant was sufficiently particular.

Both Article I, section 9, of the Oregon Constitution, and the Fourth Amendment to the United States Constitution require that warrants describe, with particularity, the place to be searched and the persons or things to be seized.[9] The purpose behind the particularity requirement

"is a prohibition against general warrants whereby administrative officers determine what is and what is not to be seized. The decision to seize must be judicial, not administrative,

---

with a warrant issued by another state as if the warrant had been issued by a California court:

"A California corporation that provides electronic communication services or remote computing services to the general public, when served with a warrant issued by another state to produce records that would reveal the identity of the customers using those services, data stored by, or on behalf of, the customer, the customer's usage of those services, the recipient or destination of communications sent to or from those customers, or the content of those communications, shall produce those records as if that warrant had been issued by a California court."

Cal Penal Code § 1524.2(c).

[9] Article I, section 9, provides, in relevant part:

"[N]o warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched and the person or thing to be seized."

The Fourth Amendment provides for the same particularity requirement.

and the command to seize must be sufficiently particular to guide the officer to the thing intended to be seized and to minimize the danger of unwarranted invasion of privacy by unauthorized seizures."

*State v. Tidyman*, 30 Or App 537, 542-43, 568 P2d 666, *rev den*, 280 Or 683 (1977). "The objective is that the search be as precise as the circumstances allow and that undue rummaging be avoided." *State v. Massey*, 40 Or App 211, 214, 594 P2d 1274, *rev den*, 289 Or 409 (1979).

The degree of specificity required to accomplish that purpose depends on the circumstances and the nature of the property to be seized and "may also be affected by the nature of the right which is protected." *Tidyman*, 30 Or App at 543. For example, the United States Supreme Court recognized in *Stanford v. Texas*, 379 US 476, 485, 85 S Ct 506, 13 L Ed 2d 431, *reh'g den*, 380 US 926 (1965), that a person's First Amendment rights implicate a higher level of particularity, explaining that "the constitutional requirement that warrants must particularly describe the 'things to be seized' is to be accorded the most scrupulous exactitude when the 'things' are books, and the basis for their seizure is the ideas which they contain."

In this case, defendant argues that the description of the things to be searched was insufficiently particular. According to defendant, the police had probable cause to believe that the victim had e-mailed defendant photographs of her bare breasts in June or July 2010, but the warrant authorized a search of "[a]ny and all contents of electronic files" stored on his Yahoo account and did not limit the search by any time period or subject matter, such as a search for photographs of bare breasts. Furthermore, defendant argues that the fact that the warrant authorized a search for First Amendment material—e-mail communications— required the warrant to identify the items to be searched and seized with scrupulous particularity.

In response, the state argues that the search warrant was sufficiently particular. According to the state, by referencing the crimes of using a child in a display of sexually explicit conduct and of encouraging child sexual abuse, and by identifying defendant's specific Yahoo account, the search

warrant adequately identified the place to be searched and the items to be seized. As for defendant's argument that the warrant needed to specifically identify the two photographs that the officer knew of at the time and needed to limit the search to those photographs, the state responds that the universe of potential evidence was greater than that and "clearly could encompass all the communications between the victim and defendant as well as other electronic files that contained direct or circumstantial evidence of defendant's intent with respect to the crimes." We agree with the state that the warrant in this case was sufficiently particular because it identified the place to be searched—defendant's Yahoo account—and the thing to be searched for and seized—evidence of the crimes of using a child in a display of sexually explicit conduct and of encouraging child sexual abuse.

First, defendant's reliance on the principle that a heightened degree of particularity is required for searches dealing with First Amendment materials is unavailing. Though not yet considered by this court, many federal and state courts have concluded that First Amendment rights and the "scrupulous exactitude" standard are not implicated "when the materials to be seized are sought as evidence of a crime and not for the ideas which they contain." *State v. Lehman*, 1999 ME 124, ¶ 13, 736 A2d 256, 261 (1999), *cert den*, 528 US 1154 (2000) (internal quotation marks omitted); *see also United States. v. Layne*, 43 F3d 127, 132-33 (5th Cir), *cert den*, 514 US 1077 (1995) (explaining that no First Amendment rights were implicated by a search warrant issued to seize pornographic videotapes, magazines, and devices because the material was seized to corroborate a victim's testimony, not because of the ideas they contained); *State v. Patscheck*, 129 NM 296, 299, 6 P3d 498, 501, *rev den*, 129 NM 249 (2000) (same); *United States v. Stelten*, 867 F2d 446, 450 (8th Cir), *cert den*, 493 US 828 (1989) ("When the government wishes to seize written material for any reason other than the content of the material, the first amendment is not infringed and the scrupulous exactitude test does not apply."). We agree with those courts that, in cases like this in which the search warrant is seeking material as evidence of a crime, and not for the ideas that it contains, the "scrupulous exactitude" test is not applicable.

We further conclude that, under the circumstances of this case, the warrant was sufficiently particular. The warrant stated that the police could search for, and seize, evidence of the crimes of using a child in a display of sexually explicit conduct and encouraging child sexual abuse located in the electronic files stored in defendant's Yahoo account. Thus, the warrant was limited to a particular location, and the description of the items to be seized left the officers with no discretion in the matter.

We also agree with the state that the two photographs sent by the victim to defendant was not the only evidence of those crimes that could exist in defendant's Yahoo account. In the affidavit supporting the warrant, Pitt stated that he had spoken to the victim on July 22, 2010. During that conversation, the victim told Pitt that she and defendant had known each other for several years and that they had been communicating over the last few months via the telephone, e-mails, and instant-messaging chats online. The victim also told Pitt that during those conversations, she and defendant had discussed sexually explicit details. Those facts indicated that possible evidence of defendant's crimes, aside from the two photographs, such as his inducement of the victim under ORS 163.670(1), were being stored by defendant in his e-mail account.

In sum, we conclude that the warrant in this case was authorized under the terms of ORS 136.583 and that it was sufficiently particular. Accordingly, the trial court did not err in denying defendant's motion to suppress.

Affirmed.