DEHOOG, P. J.
*496 Defendant appeals a judgment convicting him of possession of methamphetamine, ORS 475.894, delivery of methamphetamine, ORS 475.890, possession of oxycodone, ORS 475.834, delivery of oxycodone, ORS 475.830, and driving while suspended, ORS 811.182(3). Defendant assigns error to the denial of his motion to suppress text messages discovered on his cell phone, arguing that the warrant authorizing the search did not satisfy the particularity requirement of Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. Applying the Supreme Court's recent decision in State v. Mansor , 363 Or. 185, 421 P.3d 323 (2018), we agree with defendant that the warrant was insufficiently particular and therefore invalid. Accordingly, we reverse and remand defendant's controlled-substance-related convictions (Counts 2, 3, 4, and 5), and otherwise affirm.[1]
The relevant facts are those set forth in the search warrant affidavit submitted by Officer Harbert of the Springfield Police Department. Harbert arrested defendant for driving while suspended and unlawful manufacture of marijuana after a traffic stop led to the discovery of evidence of those crimes. During a subsequent search of defendant and the car he had been driving, Harbert discovered methamphetamine, oxycodone, a scale, $700 in cash, packaging materials, and payment records that indicated to Harbert that defendant was engaged in drug dealing. Harbert also seized a cellular smartphone in defendant's possession and sought a warrant to search its contents. Based on Harbert's affidavit, a circuit court judge issued a warrant authorizing a search of defendant's smartphone as follows:
"Information on oath having this day been laid before me and established before me that probable cause exists to believe that evidence of the crimes UNLAWFUL DELIVERY METHAMPHETAMINE, UNLAWFUL POSSESSION OF METHAMPHETAMINE, UNLAWFUL DELIVERY OF OXYCODONE and UNLAWFUL POSSESSION
*497 OF OXYCODONE is located on [defendant's phone], to wit: all names and telephone numbers that have been recorded on the cell phone to include all outgoing calls, incoming calls, missed calls, phone contact lists and address items; all messages both voice and text, text drafts and emails; all photos, videos; and downloaded items related to controlled substance offenses that may be on the phone."
(Uppercase in original.) The warrant further authorized the executing officer to designate a qualified technician "to search the above-described *3 cell phone for the above-described evidence."
The resulting search of defendant's phone disclosed a number of text messages suggestive of drug use and trafficking.[2] Defendant moved to suppress that evidence, arguing that the warrant failed to fulfill the particularity requirement of the Oregon and United States constitutions.[3] The trial court denied the motion and, following a jury trial, entered a judgment of conviction.
On appeal, defendant assigns error to the denial of his motion to suppress. Defendant contends that the warrant here was insufficiently particular, and therefore wholly invalid, because it failed to specifically identify the object of the warranted search and because the underlying affidavit did not provide probable cause for the full breadth of the search that the warrant authorized. The Supreme Court recently considered both of those aspects of Article I, section 9 's particularity requirement-specificity and overbreadth-in Mansor , 363 Or. at 212, 421 P.3d 323 :
"Our cases have identified two related, but distinct, concepts that inform the particularity analysis-specificity and overbreadth. A warrant must be sufficiently specific in describing the items to be seized and examined that the officers can, with reasonable effort[,] ascertain those items to a reasonable degree of certainty. But, even if the warrant is sufficiently specific, it must not authorize a search that *498 is broader than the supporting affidavit supplies probable cause to justify."
(Internal quotation marks and citations omitted.) Relying on Mansor , defendant argues that (1) the warrant was not sufficiently specific, because it did not allow the executing officer to "ascertain *** to a reasonable degree of certainty" what information on the phone was "related to controlled substance offenses" and (2) the warrant was overbroad, because it placed no temporal limitations on the objects of the search and the affidavit did not even mention at least two of the categories of data in the warrant-emails and "downloaded items"-much less establish probable cause to search those items.[4]
The state, for its part, does not respond to defendant's overbreadth argument. Instead, the state argues at the outset that, because only the search of defendant's text messages produced any incriminating evidence, we must evaluate the warrant as though it had authorized a search only for "all messages *** text[s], [and] text drafts *** related to controlled substance offenses that may be on the phone." Severed in that manner, the state contends, the warrant was not overbroad, because, in its view, the affidavit supplied probable cause to search defendant's text messages. As to defendant's specificity argument, the state argues that the warrant was sufficiently specific because it identified the object of the search by referring to the crimes at issue-possession and delivery of methamphetamine and oxycodone-and limiting the search to matters "related to controlled substance offenses."
We need not consider the merits of the state's severance argument, because we conclude that, even if severed as the state suggests it must be, the warrant would remain insufficiently specific, and therefore violate the particularity requirement of Article I, section 9. Furthermore, because *499 defendant prevails on that ground, we do not further address the issue of overbreadth or reach the parties' arguments under the federal constitution.[5] *4 Whether a warrant complies with the particularity requirement of Article I, section 9, presents a question of law. See Mansor , 363 Or. at 219-20, 421 P.3d 323 (applying that standard of review). On making that assessment, we read the warrant "in a common-sense, realistic, and nontechnical manner." State v. Jennings , 220 Or. App. 1, 5, 184 P.3d 1200 (2008) (citing State v. Villagran , 294 Or. 404, 408, 415, 657 P.2d 1223 (1983) ). And, as relevant here, to comply with the particularity requirement, the warrant must, when read in that manner, "be sufficiently specific in describing the items to be seized and examined that the officers can, 'with reasonable effort ascertain' those items to a 'reasonable degree of certainty.' " Mansor , 363 Or. at 212, 421 P.3d 323 (quoting State v. Blackburn/Barber , 266 Or. 28, 35, 511 P.2d 381 (1973) ).[6]
Both the Supreme Court of the United States and the Oregon Supreme Court have recognized that, with regard to searches for data on cell phones or similar electronic devices, the particularity requirement takes on special significance. "[U]nlike most other 'things' that may be seized in a search, a computer or other digital device is a repository with a historically unprecedented capacity to collect and store a diverse and vast array of personal information." Id. at 208, 421 P.3d 323 (recognizing that a cell phone might be better viewed as a "place" to be searched than a "thing" to be examined); see *500 Riley v. California , 573 U.S. 373, 396-97, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014) (observing that "a cell phone search would typically expose to the government far more than the most exhaustive search of a house" (emphasis in original)). At the same time, however, the application of the particularity requirement to warrants authorizing electronic searches creates challenges not usually present with physical searches. "[A] category of information that is a likely source of evidence * * * may be composed of many types of data and files, and the * * * software's organization of those data and files may be unrelated to the user's perception of how their data is organized." Mansor , 363 Or. at 197, 421 P.3d 323 (rejecting, for that reason, requirement of ex ante limitations based on file or data type or specific application). Further, there is typically "no way to know what data a file contains without opening it," as specific files may be hidden or disguised, either intentionally or inadvertently. Id. at 198, 421 P.3d 323. Therefore, an electronic search "likely will need to examine, at least briefly, some information or data beyond that identified in the warrant." Id. at 218, 421 P.3d 323 ; see Andresen v. Maryland , 427 U.S. 463, 482 n. 11, 96 S. Ct. 2737, 49 L. Ed. 2d 627 (1976) (holding, in nondigital context, that warranted search of attorney's office for certain papers did not violate Fourth Amendment when executing officers "cursorily" examined "innocuous documents * * * to determine whether they [were], in fact, among those papers authorized to be seized").
In light of those considerations, a warrant for an electronic search "must identify, as specifically as reasonably possible in the circumstances, the information to be searched for." Mansor , 363 Or. at 218, 421 P.3d 323 (emphasis added). As Mansor explains, the essential "thing" about which a warrant must be particular is the probative information, not types of files or their location within the computer's file-management system: "[T]he 'what' is a description of the *5 information related to the alleged criminal conduct which there is probable cause to believe will be found on the computer." Id. at 216, 421 P.3d 323 (emphasis in original). To further narrow the search and specify the information sought, the warrant must include, "if relevant and available, the time period during which that information was created, accessed, or otherwise used." Id. at 218, 421 P.3d 323. *501 In Mansor , the Supreme Court concluded that the search warrant at issue was adequately particular, at least when read along with the supporting affidavit, which, as noted, 298 Or. App. at 499 n. 6, 447 P.3d at 3-4 n. 6, the court viewed as having been incorporated into the warrant. 363 Or. at 220, 421 P.3d 323. "It sufficiently described the 'what' to be searched for and the relevant time frame: the [defendant's] June 12 internet search history. It informed those executing the warrant as to what they were to look for 'with a reasonable degree of certainty.' " Id. at 219, 421 P.3d 323 (quoting Blackburn/Barber , 266 Or. at 35, 511 P.2d 381 ).
Here, defendant's specificity argument focuses on the vagueness of the warrant's limiting clause, "related to controlled substance offenses."[7] Defendant argues that, notwithstanding that language, the warrant did "nothing to guide the searcher's judgment in how to limit the search for relevant material." Applying Mansor , we agree with defendant. That clause, and the general references to the offenses of possession and distribution of methamphetamine and oxycodone, comprised the warrant's only description of "the information related to the alleged criminal conduct which there is probable cause to believe will be found on the computer." Mansor , 363 Or. at 216, 421 P.3d 323 (emphasis in original). The balance of the warrant merely listed file types and categories of communications data that might be found within the phone: "all names and telephone numbers," "all messages both voice and text, text drafts and emails," and "all photos, videos[,] and downloaded items." As Mansor explains, however, such details regarding specific "locations" within the phone do little if anything to satisfy the particularity requirement. That is, a description of "where," on a device, officers might search, says almost nothing about the information they may seek-the "what" as to which the warrant must be particular. Under those circumstances, the warrant's summary characterization of the information sought-"related to controlled substances offenses"-was insufficient to apprise the *502 executing officer of which items were or were not subject to the warrant. See State v. Ingram , 313 Or. 139, 145, 831 P.2d 674 (1992) (concluding that the warrant was insufficiently particular, and therefore invalid, because "the phrase 'all vehicles *** associated with the occupants of said premises' is so standardless that the executing officer must employ discretion in deciding which vehicles to search").
Resisting that conclusion, the state argues that the search warrant at issue in this case was no less specific than the warrant we approved of in State v. Rose , 264 Or. App. 95, 330 P.3d 680, rev den , 356 Or. 400, 339 P.3d 440 (2014). In that case, we held that the warrant was sufficiently particular because it "stated that the police could search for, and seize, evidence of the crimes of using a child in a display of sexually explicit conduct and encouraging child sexual abuse located in the electronic files stored in defendant's Yahoo[!] account." Id. at 109, 330 P.3d 680. To the extent, however, that the above language from Rose can be read to suggest that describing the information simply as "evidence of a particular crime" can satisfy the specificity requirement, we note that Mansor expressly rejected the argument that a warrant is "sufficiently particular if it simply identifies the crime or crimes being investigated." 363 Or. at 222, 421 P.3d 323. We also note that the defendant in Rose did not challenge the specificity of the warrant and made only a "narrow" overbreadth argument. See *6 State v. Mansor , 279 Or. App. 778, 800-01, 381 P.3d 930 (2016), aff'd on other grounds , 363 Or. 185, 421 P.3d 323 (2018) (discussing Rose , 264 Or. App. at 107, 330 P.3d 680 ).
In any event, Rose is distinguishable based on the nature of the suspected criminal activity there-creating and possessing child pornography. As we stated in Rose , the "degree of specificity required *** depends on the circumstances and the nature of the property to be seized." 264 Or. App. at 107, 330 P.3d 680. Unlike the crimes being investigated here, the character of the criminal activity at issue in Rose served to greatly clarify and limit the most expansive section of the warrant, which otherwise authorized a search for "[a]ny and all contents of electronic files *** stored in the subscriber's Yahoo! Account." Id . at 98, 330 P.3d 680. Given the nature of the crimes being investigated there, a reasonable officer *503 would likely have concluded from that context that the "electronic files" that he or she was authorized to search out would consist of contraband images and communications soliciting or exchanging such images. See also Wayne R. LaFave, 2 Search and Seizure § 4.6(a), 771-72 (5th ed. 2012) ("A less precise description is required of property that is, because of its particular character, contraband.").
Here, in contrast, defendant's alleged criminal activities did not involve contraband that could be located on his cell phone. Thus, neither the warrant's identification of the crimes for which evidence was sought, nor its purported limiting language of "related to controlled substance offenses," was sufficient to enable an officer, "with reasonable effort[, to] ascertain those items [to be seized and examined] to a reasonable degree of certainty." See Mansor , 363 Or. at 212, 421 P.3d 323 (internal quotation marks omitted). As a result, the warrant in this case was not sufficiently specific, and therefore did not satisfy the particularity requirement of Article I, section 9.
Because the warrant and resulting search in this case violated Article I, section 9, the trial court erred in denying defendant's motion to suppress. Nevertheless, we must affirm if that error was harmless; that is, if there is little likelihood that the error affected the verdict in defendant's case. Or. Const., Art. VII (Amended), § 3 ; State v. Davis , 336 Or. 19, 33, 77 P.3d 1111 (2003). Here, defendant contends that the error was not harmless, because the prosecutor relied on the text messages in closing argument to establish that defendant had been actively delivering controlled substances on the dates alleged in the indictment and that he had engaged in commercial drug offenses. The state does not dispute that contention. Rather, the state argues that, to the extent that the warrant was overbroad, that is a defect that can be cured by severing the valid portions of the warrant-those supported by probable cause-from the invalid portions; further, because the text messages were the only evidence obtained pursuant to the search warrant in this case, and, in the state's view, the warrant was valid as to that evidence, any error in denying defendant's motion to suppress cannot have affected the outcome here.
*504 The problem with the state's argument, of course, is that we have just concluded that the warrant was not valid as to the text messages evidence. Further, based on our review of the record, including the manner in which the state relied on the text messages, we cannot say that there is little likelihood that the erroneous denial of defendant's motion to suppress affected the verdict in this case. Accordingly, we reverse and remand defendant's controlled-substance-related convictions, remand the remaining conviction for resentencing, and otherwise affirm.
Convictions on Counts 2, 3, 4, and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

We affirm defendant's conviction for driving while suspended, ORS 811.182(3), because the evidence from defendant's cell phone was unrelated to that charge. We also reject defendant's second assignment of error without written discussion.

For example, the search produced text messages stating, "You should come smoke a bowl with me, please," "Of this particular stuff, it's 42 for a half, 70 a whole," and "I can go 38 and 68."

Article I, section 9, provides, in part, that "no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." The Fourth Amendment provides the same.

Because the Supreme Court issued Mansor after briefing was complete in this case, defendant did not rely on that case in his briefing. Defendant subsequently filed a memorandum of additional authorities relying on the Supreme Court's Mansor decision, to which the state has not responded. We take defendant's arguments both from his memorandum of additional authorities and from the related portions of his opening and reply briefs that remain viable following Mansor .

Because we do not address overbreadth, it is unnecessary to set out the warrant affidavit in detail or resolve whether it established probable cause for the entire breadth of the warrant.

Here, in contrast to Mansor , the state does not contend that the supporting affidavit was attached to or otherwise made part of the search warrant. Accordingly, we do not consider its contents in evaluating whether the warrant here was sufficiently specific, and we express no opinion whether the contents of the affidavit would have rendered the warrant adequately particular under Article I, section 9. See Mansor , 363 Or. at 203-05, 421 P.3d 323 (considering text of affidavit to be part of warrant in light of state's unrebutted contention that affidavit had been attached to warrant at time of execution, but noting "better practice" would be for warrant to "include specific text from the affidavit or to incorporate the affidavit by express reference in the warrant"; concluding that affidavit functioned "as a limitation on the search, analysis, and forensic examination authorized by the warrant").

The parties and the trial court hearing defendant's challenge to the warrant evidently understood the clause "related to controlled substance offenses" to modify every item listed in the warrant, and not merely the "downloaded items" immediately preceding that clause. Although that may not be the grammatically preferred reading of the search warrant, we agree that the clause should be read in that manner. See Jennings , 220 Or. App. at 5, 184 P.3d 1200 ("Search warrants are to be read in a common-sense, realistic, and nontechnical manner.").